FILED

2017 JAN 25 PM 12: 38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER ROLAND HAYES,
individually and as parent and natural guardian
on behalf of A.C.H., a minor,

    Plaintiffs,

v.

JOSE MANUEL MORIN and
ALANIS TRUCKING COMPANY, LLC,

    Defendants.

CASE NO. 5:17-cv-29-Oc-32PRL

## PETITION FOR REMOVAL

Defendants, JOSE MANUEL MORIN ("Morin") and ALANIS TRUCKING COMPANY, LLC ("Alanis") (collectively, the "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, which is styled *Christopher Roland Hayes, individually and as parent and natural guardian on behalf of A.C.H., a minor v. Jose Manuel Morin and Alanis Trucking Company, LLC*, Case No. 16-CA-2478, to the United States District Court for the Middle District of Florida, and in support thereof states as follows:

### GROUNDS FOR REMOVAL

1.    This is a civil action for negligence which has been filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida. Marion County is within the Middle District of Florida, and the Ocala Division is the proper division within the Middle District pursuant to M.D. Fla. L.R. 1.02(b)(2). Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. L.R. 4.02,

CASE NO.

a true and correct "copy of all process, pleadings, and orders served upon" the Defendants are attached hereto as **Composite Exhibit "A"**.

2. This action was initially filed by the Plaintiffs on or about December 27, 2016.

3. The Defendants' first knowledge of the suit was on January 3, 2017, when they were served with a summons and a copy of the Complaint.

4. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship

5. At all times material hereto, Plaintiff Christopher Hayes is and was a resident of the State of Florida. Christopher Hayes is and was a citizen of Florida.

6. Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *D.R. ex rel. Igles v. Grant*, 770 F. Supp. 2d 1337, 1344 (M.D. Ga. 2011). Thus, by nature of his minor status, Plaintiff A.C.H. is and was a citizen of the same state as his father—Florida. A.C.H. is and was a citizen of Florida.

7. At all times material hereto, Defendant Jose Manuel Morin is and was a resident of the State of Texas. Jose Manuel Morin is and was a citizen of Texas.

8. At all times material hereto, Defendant Alanis Trucking Company, LLC is and was a limited liability company organized under the laws of the State of Texas.. A limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).

Fowler White Burnett P.A. • One Financial Plaza, Suite 2100, 100 Southeast Third Avenue, Fort Lauderdale, FL 33394 • (954) 377-8100

CASE NO.

9. At all times material hereto, Alanis has and had two members, Isikeila Barrera and Moises Alanis.

10. At all times material hereto, Isikeila Barrera is and was a resident of the State of Texas. Isikeila Barrera is and was a citizen of Texas.

11. At all times material hereto, Moises Alanis is and was a resident of the State of Texas. Moises Alanis is and was a citizen of Texas.

12. Therefore, Defendant Alanis Trucking Company, LLC is and was a citizen of Texas.

13. Accordingly, there is complete diversity between Plaintiffs—who are both citizens of Florida—and the Defendants—who are both citizens of Texas. As a result, this action may be removed to this Court by the Defendants, as this Court possesses removal jurisdiction of this action under the provisions of 28 U.S.C. § 1441. This Court has original jurisdiction of this action under 28 U.S.C. § 1332.

**B. Amount in Controversy**

14. 28 U.S.C. § 1332 states that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

15. The Plaintiffs' complaint does not state a specific sum of damages sought. However, it is nonetheless apparent that the amount in controversy greatly exceeds the jurisdictional minimum.

16. Upon information and belief, Plaintiff Christopher Hayes allegedly suffered, *inter alia*, a CTL strain with an injury to his left-hand wrist as well as stitches to his face. He is currently treating with an orthopedist.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394 • (954) 377-8100

CASE NO.

17. Upon information and belief, Plaintiff A.C.H. allegedly suffered, *inter alia*, a fractured skull.

18. In a telephone conference with Plaintiffs' Counsel, Plaintiffs' Counsel indicated that Christopher Hayes' past medical bills are approximately $70,000, and A.C.H.'s are approximately $80,000. Counsel also indicated that both are continuing to treat; as a result, their bills are likely to continue to increase. *See* Declaration of Jesse D. Drawas, Esq., attached hereto as **Exhibit "B"**.

19. Generally, two or more plaintiffs injured in the same automobile accident have distinct causes of action and cannot aggregate their claims to achieve the requisite jurisdictional amount. *McCormick v. Labelle*, 189 F. Supp. 453, 454 (D. Conn. 1960); *McAndrew v. Nolen*, Case No. 3:08cv294/MCR/MD, 2009 WL 259735, at *3-4 (N.D. Fla. Feb. 4, 2009). However, if the claims of a single plaintiff meet the jurisdictional threshold, the court may exercise supplemental jurisdiction over the claims of the additional plaintiffs. *Exxon Mobil Corp. v. Allapatah Servs., Inc.*, 545 U.S. 546, 559 (2005); *see also* 28 U.S.C. § 1367. Even assuming that there are no other damages at issue besides the past medical expenses (which is patently not the case, as both plaintiffs are seeking an array of damages), at the very least, A.C.H. has satisfied the jurisdictional threshold. As a result, this Court has subject matter jurisdiction over A.C.H. may exercise its supplemental jurisdiction over Christopher Hayes pursuant to 28 U.S.C. § 1367. *McAndrew*, 2009 WL 259735, at *3-4; *Carey v. E.I. duPont de Nemours & Co.*, 209 F. Supp. 2d 641, 648-49 (M.D. La. 2002) (finding that when the matter before the court arises out of the same tortious act by the same diverse defendant, causing injury on the same date, exercise of supplemental jurisdiction was proper). Plainly, the Plaintiffs' claims arise out of a common nucleus of operative fact—the alleged injuries are a result of the same accident. Thus, even if this

court were to find that Christopher Hayes does not meet the amount in controversy requirement, the court should exercise supplemental jurisdiction over him because A.C.H. indisputably does.

20. Furthermore, the undersigned counsel advised Plaintiffs on or about January 19, 2017 of Defendants' intention to remove this action. The undersigned appended to that notification a proposed Joint Stipulation On Alleged Damages for signing by Plaintiffs' counsel. One of the main bases of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court. Plaintiffs' counsel has refused to execute the Joint Stipulation of Alleged Damages. Such refusals to stipulate may be considered by federal district courts in exercising diversity jurisdiction. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009).

### C. Timely Filed

21. Defendants have filed this Petition for Removal within 30 days of service of process of the Plaintiffs' complaint, which was the Defendants' first notice of the Plaintiffs' initial pleading, which gave the basis for removal. *See* 28 U.S.C. § 1446(b).

22. Furthermore, in accordance with 28 U.S.C. § 1446(c), Defendants filed the instant Petition within one year from the date that the complaint was filed and served.

23. Pursuant to 28 U.S.C. § 1446(d), Defendants will give prompt notice upon filing of this Petition for Removal to all parties of record and to the Clerk of the Circuit Court for Marion County, Florida.

### D. Venue

24. Defendants seek to remove to the United States District Court for the Middle District of Florida. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division include the place where the removed action has been pending.

- 5 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

## MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different States...

Additionally, 28 U.S.C. § 1441 reads, in relevant part, as follows:

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Where the amount in controversy is not specified in the complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). However, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314-15 (11th Cir. 2002). When the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, (1936)); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (noting that if the amount in controversy is not facially apparent from the complaint, the removing party may admit their own

- 6 -

Case 5:17-cv-00029-TJC-PRL   Document 1   Filed 01/25/17   Page 7 of 9 PageID 7

CASE NO.

affidavits, declarations, or other documentation to establish that removal is proper). Critically, as noted above, Plaintiffs have refused to stipulate that their damages do not exceed $75,000.00. Such refusals may be considered by federal district courts in determining whether to exercise their diversity jurisdiction. *Devore*, 658 F. Supp. 2d at 1380.

Here, Plaintiffs' counsel has stated that his clients have incurred past medical expenses of $70,000 and $80,000, respectively. Further, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010). In *Roe*, the Eleventh Circuit upheld the district court's determination that a wrongful death case was worth more than the $75,000 based on common sense. Here, the combination of past medical expenses, plus expected future medical expenses, lost wages, and potential non-economic damages are such that it is "common sense" that the amount in controversy exceeds $75,000.00. Christopher Hayes alleges that he suffered a significant permanent loss of an important bodily function or permanent injury, as well as resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, aggravation of a previously existing condition, loss of earnings, and loss of ability to earn money. Christopher Hayes has also made a claim for property damage. A.C.H. makes the same allegations, with the exception of loss of earnings and loss of the ability to earn. All bodily injury claims for both plaintiffs are

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

alleged to be continuing. Taken as a whole, it is plain that each plaintiff has damages that exceed the jurisdictional limit.[1]

## CONCLUSION

The instant action meets all the requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and Defendants' Petition for Removal was filed timely.

WHEREFORE, Defendants, JOSE MANUEL MORIN and ALANIS TRUCKING COMPANY, LLC, petition this Court for removal of this action to the United States District Court for the Middle District of Florida, and requests that such removal be hereby effectuated.

---

[1] Even in the event that both plaintiffs have not exceeded the jurisdictional limit, as discussed *supra*, A.C.H. certainly has;therefore, this court can and should exercise supplemental jurisdiction over Christopher Hayes pursuant to 28 U.S.C. § 1367.

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

Respectfully submitted,

/s/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Jesse D. Drawas
Fla. Bar No. 68654
Email: jdrawas@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:   (954) 377-8101
- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100