Filing # 50496754 E-Filed 12/27/2016 10:34:04 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, STATE OF FLORIDA
CIVIL DIVISION

CHRISTOPHER ROLAND HAYES,
individually and, as parent and
natural guardian, on behalf of
A.C.H., a minor,

                Plaintiff,

v.

JOSE MANUEL MORIN and
ALANIS TRUCKING COMPANY, LLC,
A Texas Corporation,

                Defendants.

CASE NO.:

DIVISION:

## COMPLAINT FOR DAMAGES

    Plaintiff, CHRISTOPHER ROLAND HAYES, individually and, as parent and natural guardian, on behalf of A.C.H., a minor, by and through his undersigned attorney, hereby sues Defendants, JOSE MANUEL MORIN and ALANIS TRUCKING COMPANY, LLC., and alleges as follows:

1. This is a cause of action for damages that are in excess of this Court's jurisdictional minimum of $15,000.00 exclusive of costs and interest.

2. Plaintiff CHRISTOPHER ROLAND HAYES (hereinafter referred to as "Plaintiff") is a resident of Ocala, Marion County, Florida.

3. Plaintiff is the parent and natural guardian of A.C.H., a minor, and in this Complaint is bringing claims both individually and on behalf of A.C.H., who also resides in Marion County, Florida.

4. On or about September 2, 2016, Defendant JOSE MANUEL MORIN (hereinafter referred to as "Defendant MORIN") operated a 2012 Freightliner truck southbound on Northwest 47th Avenue, near the intersection with State Road 326, near Ocala in Marion County, Florida.

5. On or about September 2, 2016, Defendant ALANIS TRUCKING COMPANY, LLC., (hereinafter referred to as "Defendant ALANIS") owned, and had the right to possess and control, the 2012 Freightliner truck operated by Defendant MORIN.

6. On or about September 2, 2016, Defendant MORIN was an employee of Defendant ALANIS and, at the time of the motor vehicle crash at issue in this Complaint, Defendant MORIN was in possession of, and operating, the 2012 Freightliner truck with the knowledge and permission of Defendant ALANIS.

7. On or about September 2, 2016, Plaintiff operated his 2004 Chrysler Pacifica, with A.C.H. riding as a passenger, westbound on State Road 326, near the intersection with Northwest 47th Avenue, near Ocala in Marion County, Florida.

8. At that time and place, Defendant MORIN negligently and carelessly operated and/or maintained the Freightliner truck by failing to fully stop at a stop sign, violating Plaintiff's right-of-way, and pulling out in front of Plaintiff such that Plaintiff was unable to avoid a collision with the trailer attached to the Freightliner truck.

## COUNT I

### AUTO NEGLIGENCE AS TO PLAINTIFF CHRISTOPHER ROLAND HAYES

9. Plaintiff repeats and realleges the allegations contained in paragraphs 1-8 above as if fully restated here.

10. As a direct and proximate result of the aforesaid negligence of Defendant MORIN, Plaintiff suffered a significant permanent loss of an important bodily function or permanent injury within a reasonable degree of medical probability, as well as resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, expense of hospitalization medical and nursing care and treatment, aggravation of a previously existing condition, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant MORIN and Defendant ALANIS for compensatory damages in excess of $15,000.00 together with costs and any other relief deemed appropriate. Plaintiff demands trial by jury on all issues triable as of right by a jury.

COUNT II

AUTO NEGLIGENCE AS TO PLAINTIFF CHRISTOPHER ROLAND HAYES, ON BEHALF OF A.C.H.

11. Plaintiff, on behalf of A.C.H., repeats and realleges the allegations contained in paragraphs 1-8 above as if fully restated here.

12. As a direct and proximate result of the aforesaid negligence of Defendant MORIN, A.C.H. suffered a significant permanent loss of an important bodily function or permanent injury within a reasonable degree of medical probability, as well as resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, on behalf of A.C.H., will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, on behalf of A.C.H., demands judgment against Defendant MORIN and Defendant ALANIS for compensatory damages in excess of $15,000.00 together with costs and any other relief deemed appropriate. Plaintiff, on behalf of A.C.H., demands trial by jury on all issues triable as of right by a jury.

## COUNT III

### RESPONDEAT SUPERIOR AS TO PLAINTIFF CHRISTOPHER ROLAND HAYES

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1-8 above as if fully restated here.

14. On or about September 2, 2016, at the time and place of the motor vehicle crash that is the subject of this Complaint, Defendant MORIN was operating the 2012 Freightliner truck within the course and scope of his employment with Defendant ALANIS.

15. As a direct and proximate result of the aforesaid negligence of Defendant MORIN, Plaintiff suffered a significant permanent loss of an important bodily function or permanent injury within a reasonable degree of medical probability, as well as resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will continue to suffer such losses in the future.

16. Because Defendant MORIN was working within the course and scope of his employment with Defendant ALANIS when Defendant MORIN caused the crash that injured Plaintiff, Defendant ALANIS is responsible for the injuries and damages caused by Defendant MORIN.

WHEREFORE, Plaintiff demands judgment against Defendant MORIN and Defendant ALANIS for compensatory damages in excess of $15,000.00 together with costs and any other relief deemed appropriate. Plaintiff demands trial by jury on all issues triable as of right by a jury.

## COUNT IV

### RESPONDEAT SUPERIOR AS TO PLAINTIFF CHRISTOPHER ROLAND HAYES, ON BEHALF OF A.C.H.

17. Plaintiff, on behalf of A.C.H., repeats and realleges the allegations contained in paragraphs 1-8, 14, and 16 above as if fully restated here.

18. As a direct and proximate result of the aforesaid negligence of Defendant MORIN, A.C.H. suffered a significant permanent loss of an important bodily function or permanent injury within a reasonable degree of medical probability, as well as resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are either permanent or continuing and A.C.H. will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, on behalf of A.C.H., demands judgment against Defendant MORIN and Defendant ALANIS for compensatory damages in excess of $15,000.00 together with costs and any other relief deemed appropriate. Plaintiff, on behalf of A.C.H., demands trial by jury on all issues triable as of right by a jury.

## COUNT V

### PROPERTY DAMAGE AS TO PLAINTIFF CHRISTOPHER ROLAND HAYES

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1-8 above as if fully restated here.

20. As a direct and proximate result of the motor vehicle crash that is the subject of this Complaint, Plaintiff's vehicle sustained extensive damage resulting in the vehicle being deemed a total loss, Plaintiff incurred costs related to towing and storing his vehicle, and Plaintiff lost the use of his vehicle for an extended period of time.

WHEREFORE, Plaintiff demands judgment against Defendant MORIN and Defendant ALANIS for compensatory damages equal to the fair market value of Plaintiff's vehicle on the date of this crash plus the costs of towing and storage; loss of use from the date of this crash to the present, or alternatively interest since the date of the crash; together with taxable costs and any other relief deemed appropriate. Plaintiff demands trial by jury on all issues triable as of right by a jury.

DATED this 20th day of December, 2016.

ALLEN LAW FIRM, P.A.

/s/ Tom L. Copeland, Esq.
William T. Allen, Jr., Esq.
Florida Bar No. 950180
bill@billallenlaw.com
Tom L. Copeland, Esq.
Florida Bar No. 611913
tom@billallenlaw.com
David Carlson, Esq.
Florida Bar No. 124058
david@billallenlaw.com
2550 SW 76th Street, Suite 150
Gainesville, Florida 32608
Phone: (352) 331-6789
Fax: (352) 331-6785
Attorneys for Plaintiff